UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOISES CETINA BAYLON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-226 |
| | § | |
| RANDY TATE, Warden of the Montgomery Processing Center, *et al.*, | § § § | |
| | § | |
| Respondents. | § | |

## ORDER TO ANSWER

The petitioner, Moises Centina Baylon, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings. (Docket Entry No. 1). He names as respondents Randy Tate, the Warden of the Montgomery Processing Center; Pamela Bondi, the U.S. Attorney General; Kristi Noem, the Secretary of the U.S. Department of Homeland Security; and Bret Bradford, Field Office Director of Ice Enforcement and Removal Operations at the Houston Field Office. (*Id.* at 1). He alleges violations of the Immigration and Nationality Act, due process, and the Fourth Amendment. (*Id.* at 4–6). He requests that the court order the respondents to provide him with a proper bond hearing or, alternatively, to release him immediately. (*Id.* at 6–7).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, the court orders as follows.

1. The Clerk must deliver copies of the petition, (Docket Entry No. 1), and this Order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by certified mail, return receipt requested, addressed to the Civil Process Clerk, United States Attorney's Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2. The Clerk must also serve copies of the petition, (Docket Entry No. 1), and this Order by certified mail on (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Randy Tate, warden of the Montgomery Processing Center, 806 Hilbig Road, Conroe, Texas, 77301.

3. The respondents must file an answer or other appropriate responsive pleading within **five (5) days** after the date of service and must forward a copy to the petitioner's counsel. If matters outside the pleadings are relied upon, the motion will be treated as a motion for summary judgment and should be entitled as such.

4. In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

statement as to whether the petitioner has exhausted all available administrative remedies.

5. Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner must file any response within **10 days** of the date reflected on the certificate of service. Under the court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. Tex. L.R. 7.4. If the petitioner fails to comply on time, the court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The respondents must notify petitioner's counsel and the court of any anticipated or planned transfer of Moises Centina Baylon outside of the Southern District of Texas **at least five (5) days before** any such transfer.

SIGNED on January 13, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge